# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNEL ROSS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:08-cv-00060-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 9)<br><br>THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**I.　Screening Order**

　　Plaintiff Alvin Ronnel Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 14, 2008. (Doc. 1.) On December 12, 2008, the Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 8.) On January 14, 2009, Plaintiff filed his first amended complaint. (Doc. 9.) Plaintiff's first amended complaint is presently before the Court for screening.

　　**A.　Screening Requirement**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Corcoran State Prison ("CSP-COR") in Corcoran, California, where the acts he complains of occurred. Plaintiff names the following defendants: Matthew Cate, California Department of Corrections and Rehabilitation ("CDCR") Secretary/Director; Jeanne Woodford and James E. Tilton, former CDCR directors; A. K. Scribner, former warden of CSP-COR; Darrel G. Adams, current warden of CSP-COR; J. Medina, captain; A. Nance, CCII; S. Freitas, CCII (A); N. Dill, AW (A);F. Chastin and C. Trotter, CCI.

Plaintiff alleges the following. CDCR's classification point system discriminates against prisoners who are serving "life without parole" ("LWOP") sentences. Plaintiff entered into the California Department of Corrections ("CDC") on December 18, 1979. In 1989, the CDCR implemented a new classification system which, according to Plaintiff, created an incentive for Plaintiff and other LWOP prisoners to achieve favorable point reductions in an attempt to be

2

housed in the least restrictive-security prison for their custodial requirements. LWOP prisoners, however, could not be housed in less than a Level IV Facility (which housed inmates with classification scores of 52 points and above). However, all prisoners, including LWOP prisoners, with a score less than 52 points, were allowed placement in a Level III Facility upon a recommendation to the Departmental Review Board ("DRB"). The DRB must approve the exception and, pursuant to CDC rules, LWOP prisoners are to be reviewed annually to ascertain whether their current placement is appropriate. Plaintiff contends that he and other LWOP prisoners are rarely afforded review by the DRB and those who are reviewed, receive a general denial. On March 4, 2003, Plaintiff was transferred from California Correctional Institution-Tehachapi to CSP-COR. Plaintiff was issued a score of 52 points without a hearing, even though he had earned a score of zero at this time. Plaintiff was assessed a score of 52 points solely for the purpose of retaining him in Level IV facility because he is a LWOP prisoner. Plaintiff contends that all prisoners, including LWOP prisoners, housed in the General Population have always been afforded an opportunity for Level III Facility placement upon achieving a score under 52 points. He believes that the "New Classification System," because it prohibits scores under 52 points for LWOP prisoners, prevents LWOP prisoners from being eligible for the same benefits as other prisoners.

Plaintiff alleges violations of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff seeks monetary damages and injunctive relief.

**C.** **Plaintiff's Claims**

    **1.** *Due Process*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The state does not create protectable liberty interests by way of mandatory language in prison

regulations.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation.  Id.  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  Prisoners have no constitutional right to a particular classification status.  See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Prisoners also do not have a constitutional right to be incarcerated at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Absent a motive that does implicate constitutional concerns, Plaintiff's classification status does not rise to the level of a Due Process violation.  Plaintiff thus fails to state a cognizable claim under section 1983 arising from the Due Process Clause of the Fourteenth Amendment.

Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  Plaintiff was provided an opportunity to cure the deficiencies regarding his due process claim, but appears unable to do so here.  Leave to amend will thus not be granted for Plaintiff's Due Process claim.

### 2. *Equal Protection*

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff's allegations do not concern a suspect classification. Plaintiff alleges that he and other LWOP prisoners are denied the opportunity to be housed in a lower security prison. Plaintiff thus alleges that he is treated the same as other similarly situated individuals, and therefore fails to state a cognizable Equal Protection claim. Plaintiff will not be able to cure this deficiency in his Equal Protection claim, and thus will not be granted leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**II.     Conclusion and Order**

Plaintiff fails to state any cognizable claims under section 1983. Plaintiff was previously notified of the deficiencies, and granted leave to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff was unable to cure the deficiencies, and the Court finds that further leave to amend is not warranted. Id.

Based on the foregoing, this action is HEREBY DISMISSED with prejudice for failure to state a claim upon which relief may be granted under section 1983. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **May 8, 2009**                    /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE