# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNEL ROSS, | CASE NO. 1:08-cv-00060-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| JAMES E. TILTON, et al., | (Doc. 13) |
| Defendants. | |

**I.     Order**

    **A.     Procedural History**

Plaintiff Alvin Ronnel Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 14, 2008. (Doc. 1.) On December 12, 2008, the Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 8.) On January 14, 2009, Plaintiff filed his first amended complaint. (Doc. 9.) On May 8, 2009, the Court dismissed Plaintiff's case without leave to amend for failure to state a claim upon which relief may be granted. (Doc. 11.) On May 29, 2009, Plaintiff filed a document entitled "Motion For Reconsideration And/Or Appeal to District Judge In Objection To Dismissal And First Strike." (Doc. 13.) The Court treats this filing as a motion for reconsideration. Plaintiff consented to jurisdiction by a Magistrate Judge. (Doc. 6.) No party other than the Plaintiff has appeared in this action.

1

**B.     Motion for Reconsideration**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff contends that the Court erred in finding that Plaintiff failed to state a claim upon which relief may be granted regarding Plaintiff's due process and Equal Protection claims. The Court shall consider each argument.

**1.     Due Process**

Plaintiff contends that prison officials violated their own regulations. Plaintiff contends that a state rule or regulation does create a liberty interest if it limits the discretion of officials. (Doc. 13, p. 3.) Plaintiff contends that the most common way of limiting discretion is the use of "explicitly mandatory language." (Doc. 13, p. 3.) Plaintiff contends that state regulations

provide that a "Maximum" score for LWOPS (life without parole inmates) exclusively "shall" be no higher than fifty, with no minimum standards required in any form. (Doc. 13, p. 4.) Plaintiff contends that defendants' violation of their own regulation violates the Due Process Clause of the Fourteenth Amendment.

Plaintiff relies upon United States Supreme Court case law that has been now overruled. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Under the Sandin standard, Plaintiff fails to allege a liberty interest. Prisoners have no constitutional right to a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Prisoners also do not have a constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff thus fails to state a cognizable Due Process claim.

### 2. Equal Protection

Plaintiff contends that he is a member of an identifiable class, was intentionally treated differently from other similarly situated persons, and that there was no rational basis for the difference in treatment. (Doc. 13, p. 5.)[1]

Plaintiff alleged discrimination because he is a LWOP, which is not a suspect classification. If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were

---

[1] Plaintiff also contends that LWOPS are an identifiable class and that the court should apply intermediate or heightened scrutiny. (Doc. 13, p. 5.) However, Plaintiff gives no reasons, and the Court cannot find any, explaining why discrimination involving LWOPS should receive intermediate or heightened scrutiny. Thus, alleged discrimination against LWOPS shall be examined under a rational basis standard.

intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.  If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Under this standard, Plaintiff fails to state a claim.  Plaintiff failed to allege that he is treated differently from other similarly situated persons, namely LWOPS.  Plaintiff contends that all LWOPS are under the same point system.  (Doc. 13, p. 6.)  Plaintiff is thus treated the same as other similarly situated individuals, LWOPS, because he received the same minimum point classification as other LWOPS.  Plaintiff fails to state a cognizable Equal Protection claim.

**II.     Conclusion**

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for reconsideration, filed on May 29, 2009, is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **June 19, 2009**          /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE